# COOS,

## DECEMBER TERM, A. D. 1860.

### BLISS *v.* BRAINARD.

### BLISS *v.* CUMMINGS.

42 255
70 589

A party is entitled to tax the fees paid to his witness for travel and attendance, though the witness has been summoned and paid, and has attended as a witness for another party in another cause at the same term.

But the same party can not tax for the travel or attendance of the same witness, in several causes at the same time.

Where the parties in two causes have made an arrangement for the attendance of a witness in both causes, by payment of his fees in one case, no fees will be allowed in the other case.

THESE were actions of assumpsit, brought by the plaintiff, H. C. H. Bliss, a resident of Boston, Mass., against the defendants, C. H. Brainard and Dr. Cummings, residents of Keene, in the county of Cheshire, to recover the price of spirituous liquors sold and delivered. Judgment being rendered in favor of the defendants, they each claim to tax in their bills of costs for the travel and attendance of one John T. Thayer, as a witness. The witness certifies in each case that he traveled one hundred and fifty-five miles, and that he attended as a witness for and at the request of the defendant, in his action in Brainard's case nine days, and in Cummings' case fourteen days—his fees as taxed amounting in the former case to $29.85, and in the other to $36.10.

To the allowance of these fees the plaintiff objects, and moves for their disallowance, alleging that the witness

---
---

traveled but once, and that he attended the court but one term of fourteen days.

The same counsel was retained and acted for the defendant in both cases, but nothing appeared to·show that the defendants were in any way connected with each other, either in the purchase of the goods or in the defense.

*Williams*, for the plaintiff.

*Benton & Ray*, for the defendants.

BELL, C. J. The burden is on every party to an action about to be tried, to procure the attendance of the witnesses whose presence is required, and any failure to do what the law renders necessary for this purpose, will be attended with the certainty of loss, either of his action or of costs. For this purpose the party is generally bound to cause his witnesses to be duly summoned, and the fees of each paid, for travel from his residence to the place of trial, and the fees for one day's attendance. If the witness is found in attendance on the court, it is sufficient to pay him the fee for his attendance for a day, to secure his attendance for that day. ⸢ At the close of each day the witness, if his fees for the next day have not been paid, has a right to return to his home; but he can not do so if the case is not terminated or disposed of for the term, unless he first calls upon the party, upon whose summons or request he has attended the court, or his attorney, and has given him distinct notice of his intention to leave, unless his fees for the next day are paid. ⸥

The witness, who is bound to attend the court at the instance of a party to one suit, owes no obligations to any party to any other suit. He may, consequently, be released from his obligation to go to the court, by the party who summoned him, and if he does not attend, he

is answerable only to that party for damages. It would be no ground for relief to a party who failed to have his witnesses in attendance, to show that he knew they had been summoned by another party, and expected they would attend. He is not deemed to have done his duty, unless he has either summoned the witness and paid him, or has agreed with him to be present, in which case an agreement to pay his legal fees would be implied.

If, then, two parties have occasion for the testimony of the same witness, and they are unconnected with each other, they are each bound to summon, or agree with him to attend; they must, of course, each pay him his fees, and are consequently each entitled to recover those fees in their bills of costs; and though the witness may receive in this way much more than the law deems a just compensation for his services, neither party has any right to complain.

One party may have several suits, in which the same person may be a necessary witness. In such case as one summons only is necessary, and the party is equally secure of the attendance of the witness by the payment of the fees in one case, only one charge for travel can be made, however numerous the cases may be, and only one charge for attendance on the same day.

Parties may be connected in the prosecution or defense of several cases, either because of having originally a common interest, or because they have agreed to carry them on in concert and in common. In such case the same rule would be applied, as to the taxation of witnesses' fees, as in the case of a single party to several suits; as if, for example, two parties having causes to be tried at the same term, but otherwise unconnected, should make an arrangement by which the witnesses were to be summoned by one party, but really for the benefit of both, with an agreement that the party, in whose name they were summoned, should give notice to the other

Bliss *v.* Brainard.

before he should dismiss the witnesses, or allow them to leave the court; the party who had in fact neither summoned, nor paid, nor agreed to pay the witnesses for a part or the whole of the time they attended, would not be allowed to tax for their travel or attendance for any part of such time; the object of the allowance of fees to witnesses being to indemnify the party for unavoidable expenses, and not to enable him to speculate upon the adverse party by groundless claims.

Such an arrangement is not to be presumed, where, as in this case, the usual evidence of the travel and attendance of the witnesses is produced. The party, who alleges that such facts exist as would render it proper to disallow the charge for the attendance of witnesses, is bound to produce evidence either of such connection in interest, or of such actual arrangements between the parties, as in equity ought to bar a recovery of such fees.

There are here circumstances of suspicion, but no evidence tending to show that both these defendants have not summoned and paid, or agreed to pay the witness without any understanding with each other. That the same attorneys are employed is not enough, since the arrangements for procuring the attendance of distant witnesses is not usually made by the attorneys. Upon the facts before us,

*The motion must be denied.*